**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**DAVID L. IRVING, JR.,**

    **Plaintiff,**

    v.                                                   **CASE NO. 20-3181-SAC**

**BECKY C. HURTIG,**
**et. al,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is housed at the Sedgwick County Jail in Wichita, Kansas ("SCJ"). The Court granted Plaintiff leave to proceed *in forma pauperis*. (Doc. 4.) On July 31, 2020, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 6) ("MOSC"), granting Plaintiff until August 28, 2020, in which to show good cause why his Complaint should not be dismissed or to file an amended complaint to cure the deficiencies set forth in the MOSC. Plaintiff has failed to respond to the MOSC by the Court's deadline.

The Court found in the MOSC that Plaintiff's claims against the county prosecutors concerning his criminal case fail on the ground of prosecutorial immunity. Prosecutors are absolutely immune from liability for damages in actions asserted against them for actions taken "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). The Court also found that to the extent Plaintiff challenges the validity of his sentence in his state criminal case, his federal claim must be presented in habeas corpus. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody*." *Preiser v.*

*Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added).  Likewise, before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question.  *Heck v. Humphrey*, 512 U.S. 477 (1994).  Plaintiff has not alleged that the conviction or sentence has been invalidated.  The Court also found that the Court may be prohibited from hearing Plaintiff's claims under *Younger v. Harris*, 401 U.S. 37, 45 (1971).

The Court's MOSC provided that "[i]f Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim." (Doc. 6, at 7.)  Plaintiff has failed to respond to the Court's MOSC and has failed to show good cause why his Complaint should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated August 31, 2020, in Topeka, Kansas.**

                                        **s/ Sam A. Crow**
                                        **Sam A. Crow**
                                        **U.S. Senior District Judge**